COMMONWEALTH *vs.* ANDREW JACKSON.

An indictment on *St.* 1845, *c.* 27, for procuring a miscarriage, and thereby causing the death of the woman, need not, since *St.* 1852, *c.* 37, charge the offence to have been committed feloniously.

An indictment on *St.* 1845, *c.* 27, for procuring a miscarriage, and thereby causing the death of the woman, need not set forth the offence as a murder in technical form.

An indictment alleging that the defendant " did use a certain instrument, the name of which instrument is to the jurors unknown," " by forcing and thrusting the instrument aforesaid into the body and womb " of a certain woman, with intent to cause miscarriage, and that " by means of the forcing and thrusting the instrument aforesaid into the body and womb of" the woman by the defendant the woman died, sufficiently describes the instrument, and the cause and manner of the death.

INDICTMENT on *St.* 1845, *c.* 27, averring that the defendant, on the 23d of January 1859 at Lowell in the county of Middlesex, " maliciously and without lawful justification, did use a certain instrument, the name of which instrument is to the jurors aforesaid unknown, which the said Andrew Jackson in his right hand then and there had and held, by then and there forcing and thrusting the instrument aforesaid into the body and womb of one Elmira Callahan, the said Elmira Callahan then and there being pregnant with child, with intent thereby then and there to cause and procure the said Elmira Callahan prematurely to bring forth from her body the said child, with which she was then and there pregnant as aforesaid ; " and " that the said Elmira Callahan afterwards, to wit," on the same day, at Lowell, " by means of the forcing and thrusting the instrument aforesaid into the body and womb of the said Elmira Callahan as aforesaid by the said Andrew Jackson as aforesaid in manner and form aforesaid, then and there died; against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided."

The defendant was found guilty, and at June term 1859 of the superior court in Middlesex moved in arrest of judgment, on the following grounds: 1st, That the offence intended to be charged was a felony, and yet was not charged to have been done feloniously. 2d, That it was murder at common law, and its character not changed by the *St.* of 1845, *c.* 27, and should therefore be described in the manner required by the rules of law for setting out the crime of murder. 3d, That the instrument used was not sufficiently described. 4th, That no mortal wound, or any wound or injury to the person, was alleged. 5th, That the time and manner and cause of death were not well alleged. 6th, That the indictment was generally informal and insufficient. *Ames,* J. overruled the motion, and the defendant alleged exceptions.

*T. H. Sweetser,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

DEWEY, J. The motion cannot be sustained. What would have been embraced within the technical offence of murder at the common law has, by force of the *St.* of 1845, *c.* 27, become a statute offence, distinguishable from murder and punishable by a milder punishment. It is quite sufficient to charge it as a statute offence, using appropriate terms to describe such offence. See *Commonwealth* v. *Wood,* 11 Gray, 85.

It is no sufficient ground for arresting the judgment, that the offence is not charged to have been done "feloniously." The *St.* of 1852, *c.* 37, § 3, provides that no indictment shall be quashed or deemed invalid by reason of the omission of the words "felonious" or "feloniously."

The indictment is in other respects sufficient, and the order must be *Motion in arrest overruled.*